Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff and all others
similarly situated

# UUNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CONNELL, an individual; on behalf of herself and all others similarly situated; FRANCINE ADAMS, an individual: on behalf of herself and all others similarly situated, | Case No. **2:19-cv-09584-RGK-JC** **FIRST AMENDED CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | |
| HEARTLAND EXPRESS, INC. OF IOWA | |
| Defendant. | |

Plaintiffs Jacqueline Connell and Francine Adams (collectively "Plaintiffs") bring this class and collective action against Defendant Heartland Express, Inc., ("Heartland" or "Defendant"), and respectfully allege the following:

## NATURE OF THE ACTION

1.      This is a class action for wage and hour violations arising out of Defendants Heartland's and its predecessor in interest, Interstate Distributor Co.'s ("IDC") (with Heartland, "Defendants") failure to fully compensate its employee truck drivers according to law.  As alleged herein, Defendants are transportation companies that employed Plaintiffs and Class members as drivers, but failed to compensate them for all time worked and committed other wage and hour violations.  Plaintiffs seek to represent similarly situated drivers for unpaid wages and other labor violations, as alleged herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA").  Plaintiffs are informed and believes, and on that basis alleges, that the class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA.  Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

3.      In addition and in the alternative, this Court has jurisdiction over the entire action because the case sets forth a claim arising under federal law, specifically, the Fair Labor Standards Act, 29 U.S.C. § 203 et seq.  28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the remaining state law claims

**FIRST AMENDED COMPLAINT**

because those claims are so related to the federal claim that they form part of the same case or controversy under Article III of the U.S. Constitution.  28 U.S.C. § 1367.

## PARTIES

4.      Plaintiff Jacqueline Connell was, at all relevant times, a California-based driver employed by Defendant Heartland, residing in California, and working out of Defendants' Fontana, California terminal.

5.      Plaintiff Francine Adams was, at all relevant times, a California-based driver employed first by IDC and then by Heartland when IDC merged into Heartland, residing in California.

6.      Plaintiffs are informed, believe, and thereon allege that Defendant Heartland Express, Inc. of Iowa ("Heartland") is a transportation company, with its headquarters in Iowa.

7.      Plaintiffs are informed, believe, and thereon allege that Defendant Interstate Distributor Co. ("IDC") was a transportation company, with its headquarters in Tacoma, Washington, that was bought by Heartland in July 2017 and merged into Heartland on or about October 1, 2017. Plaintiffs are informed and believe, and thereon allege, that IDC no longer exists as a separate legal entity.

8.      Plaintiffs are informed and believe and thereon allege that Defendant was at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other potential co-defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

**FIRST AMENDED COMPLAINT**

## FACTS COMMON TO ALL CAUSES OF ACTION

9.     Defendant provides transportation and trucking services, and employ long-haul over-the-road drivers throughout the United States to drive for them.

10.     Plaintiff Connell was employed by Defendant for several years as a California-based driver until May 2019.  Plaintiff Connell drove loads for Defendant both intra-state within California, and in other states, including Washington, for days at a time.

11.     Plaintiff Adams was employed by Defendant for several years as a California-based driver.  Plaintiff Adams drove loads for Defendant both intra-state within California, and other states, including in Washington, for days at a time.

**A.     Defendants' Compensation Practices**

12.     Prior to April 2016, drivers employed by Defendant Heartland were paid based on the number of miles driven.  Beginning in April 2016, long-haul drivers employed by Heartland were paid hourly for time spent working in California.

13.     Prior to February 2017, drivers employed by IDC were paid based on the number of miles driven.  Beginning in April 2017, long-haul drivers employed by IDC were paid by the hour for time spent working in California.  Beginning on May 1, 2017, drivers employed by IDC were paid by the hour for all time spent working in Washington and California.

14.     On October 1, 2017, when IDC merged into Heartland, all drivers employed by Heartland were paid by the hour for time spent working in Washington and California.  Today, that is how long-haul over-the-road drivers employed by Heartland are paid.

15.     However, when Plaintiffs and Class members are sent outside California and Washington, their pay switches to a per-mile, piece rate basis, unless Heartland's internal programming has determined that the driver qualifies as a "Washington-based" driver (a Washington resident and/or spends 50% or more of

**FIRST AMENDED COMPLAINT**

their time in Washington), in which case that driver is paid according to Washington law (by the hour with overtime) for all time worked. When Plaintiff and Class members were paid on a piece-rate basis, they are not separately compensated for non-productive or all non-driving time or rest breaks.

16.     Although Defendants paid Plaintiffs and Class members on an hourly basis for driving in California and Washington, they did not pay class members for all time worked, as they were only paid for time logged as "on duty not driving" or "driving" on their DOT logs. Plaintiffs' and Class members' time is logged in the trucks' electronic system as either "off duty," "sleeper berth," "on duty not driving," or "driving."

17.     Drivers were often not paid for pre-trip inspections, weigh stations, or other non-driving tasks. In addition, Plaintiffs and class members were only paid a small "retention" pay when waiting to be loaded or unloaded. However, Plaintiff often waited hours, well beyond any retention pay, without any compensation. As an example, Plaintiff Connell drove on several occasions from Defendants' terminal in Anderson, California to Lathrup, California, and waited for several hours, often over four hours, before loading started, without pay.

18.     Additionally, Drivers are not paid when working in a jurisdiction with a local minimum wage ordinance or law, even though Drivers regularly spent enough time in local jurisdictions (such as Los Angeles, Santa Clara, Oakland, and Richmond) to enjoy the protections of those jurisdictions' minimum wage laws.

19.     Additionally, Plaintiff asserts that the hourly rate and overtime rate for its Washington based drivers are not calculated correctly under Washington law

**B.     Overnight, Multi-Day Trips and Unpaid Sleeper Berth Time**

20.     Plaintiffs and Class members would also be sent on overnight trips. On these long-haul trips, Plaintiffs and Class members work away from home, often for days or weeks on end driving their long-haul trucks either alone or as part of a "team" configuration. The DOT's "hours of service" regulations require drivers

who have been driving for 11 hours, or working for 14 total hours, to log 10 hours as "off duty" or "sleeper berth" before driving again.

21.     On these multi-day loads, Plaintiffs and Class members were effectively on duty around the clock, responsible for their loads and their trucks, and unable to use even their ten hours of "off duty" time as they wished.  Plaintiffs and Class members were under the control of, and working for the benefit of, Defendants, for the entire time they were out on multi-day loads.  This was the case whether the truck was moving or parked.  Defendants required Plaintiffs and Class members to stay near their trucks at all times in order to protect Defendants' business and the product on the trucks.  Meaning, Plaintiffs and Class members were required to be in their trucks, or near them, for the benefit of Defendants, not for their own benefit.

22.     Plaintiffs and Class members on multi-day tours of duty live out of their trucks and sleep in the cramped "sleeper berth" of their truck, which consisted of rudimentary accommodations – a bed and maybe a refrigerator.

23.     During multi-day long-haul trips, Plaintiffs and Class members were not paid for the time they logged as "sleeper berth." However, they were required to spend their 10 hour breaks in the sleeper berth or in the immediate vicinity of the truck, which is their workplace.

24.     The sleeper berth of Plaintiffs and Class members' trucks was not an adequate place for drivers to get at least 5 hours of uninterrupted sleep due to interruptions from work such as calls asking for status updates, or from the discomfort of sleeping in the cramped space.

25.     Additionally, Plaintiff Adams and many Class members drove as "team" drivers, where the truck would be in near-constant motion, such that drivers could not physically leave the sleeper berth of the truck while their team-mate was driving, because the truck was moving.

26.     Plaintiffs and Class members were required to be either driving, in the

**FIRST AMENDED COMPLAINT**

sleeper berth of the truck, or in the immediate vicinity of their trucks to ensure the security of their load, for the entirety of their multi-day loads. They were also under the control of Defendants for the entirety of their multi-day loads.

27.    As a result of being on duty for so many hours during multi-day loads, Plaintiffs and Class members were not paid federal or Washington minimum wage. The time not spent either driving or "on duty not driving" was not paid at all, as required by California law.

28.    Defendants' conduct, as alleged herein, has caused Plaintiffs and Class members damages including, but not limited to, loss of wages and compensation. Defendants have failed to pay minimum wages, failed to pay all wages owed each pay period, failed to provide timely and accurate wage statements, failed to keep accurate payroll records, failed to reimburse necessary business expenses, failed to pay all wages owed upon termination, engaged in unfair competition, and failed to properly calculate and pay the overtime rate for work done in Washington state.

### C.    Meal and Rest Break Violations

29.    Defendants paid Class members on a piece rate basis while outside California and Washington. Under both the hourly pay system and piece rate pay structure, Defendants failed to separately compensate Plaintiff and class members for non-driving time, including rest breaks required under California or Washington law.

30.    Plaintiffs and Defendants' drivers were assigned to and required to work shifts lasting over three and one half hours (3½), but were not separately compensated for a ten (10) minute, uninterrupted rest breaks during each such shift.

31.    California Labor Code §226.2(a)(4) provides that, where an employer utilizes a piece rate system, "[e]mployees shall be compensated for other nonproductive time at an hourly rate that is no less than the applicable minimum wage." Defendant's compensation plan for Plaintiff and class members violated section 226.2(a)(4).

**FIRST AMENDED COMPLAINT**

32.     Washington law similarly requires that employees be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time.  Rest periods shall be scheduled as near as possible to the midpoint of the work period, and no employee shall be required to work more than three hours without a rest period.  Wash. Admin. Code § 296-126-092.  Rest breaks may not be waived by employees under Washington law.  *See Pellino v. Brinks Inc.*, 164 Wn. App. 668, 688 (2011).

33.     Plaintiff and the Class members were assigned to and required to work for periods lasting in excess of five (5) hours and were not scheduled to take a thirty (30) minute, uninterrupted, off-duty meal breaks within five hours of starting work.

34.     Defendants as a matter of policy did not schedule timely meal breaks, and did not relieve Plaintiff and other class members of duties to take meal breaks. Plaintiff and class members were on duty while hauling a load for Defendants, including during time logged as sleeper berth or off duty, and did not receive the required timely and duty-free meal breaks.  *See* Wash. Admin. Code § 296-126-092 (no employee shall be required to work more than five consecutive hours without a meal period; employees entitled to a second meal period prior to or during any three or more hour period of work beyond a normal eight-hour workday); Cal. Labor Code §§ 226.7, 512; 8 Cal. Code Regs. § 11090 ¶¶ 7, 11.

35.     Defendant does not have policies or procedures in place to provide Plaintiffs and Class members with meal periods during which they are completely relieved of duty for at least 30 minutes by the end of the fifth and tenth our of work, as required under California and Washington law.  This is true both during multi day loads, when Drivers are not able to be relieved from duty at all, as well as shorter hauls, because the nature of the work and delivery demands make it impossible for drivers to take timely, uninterrupted and duty-free meal breaks.

36.     Plaintiffs are members of and seek to be the representatives for the similarly situated drivers who all have been exposed to, have suffered, and/or were

permitted to work under, Defendants' unlawful employment practices as alleged herein.

## CLASS AND COLLECTIVE ALLEGATIONS

37.    Plaintiffs brings this action on behalf of themselves, and on behalf of all others similarly situated individuals, and as a member of the Classes defined as follows:

> **Class #1**:  All current or former long-haul over-the-road drivers employed by Defendant who drove in California at any time from December 20, 2013 through the date notice is mailed to the Class (the "California Class").

> **Class #2**:  All current or former drivers employed by Defendant from November 5, 2015 forward, and who either (a) had a last known address in the State of Washington; **or** who (b) drove 40% or more of their time in the State of Washington, from November 5, 2015 through the date notice is mailed to the Class (the "Washington Class").

Plaintiffs additionally bring a claim under the Fair Labor Standards Act, 29 U.S.C. § 216(b) for the following collective:

> **Collective**:  All current or former drivers employed by Defendant at any time from March 4, 2017 through the date notice is mailed to the Class and who is not in the California Class or the Washington Class (the "National Collective").

### A.  Collective Action Allegations

38.    Plaintiffs seek relief on a collective basis challenging Defendants' policy and practice of failing to properly pay over-the-road truck drivers minimum wages at the statutorily mandated rate. The number and identity of other similarly situated persons who have not yet opted-in and consented to be party plaintiffs may be determined from Defendants' records and potential opt-ins may be easily and

quickly notified of the pendency of this action.

39.    Plaintiffs have consented to be party plaintiffs by executing a "consent to join" form, which Plaintiffs are filing concurrently with this Amended Complaint.  The executed forms are attached hereto as Exhibits A and B.

**B.  Class Action Allegations**

40.    Plaintiffs additionally bring and maintain their claims under California and Washington law as an opt-out class action pursuant to Federal Rules of Civil Procedure 23 as to the California and Washington Classes.  The California and Washington Classes satisfy the requirements of Rule 23:

41.    **Numerosity of the Class:**  Members of the Classes are so numerous, and Plaintiffs are informed believe exceed several thousand persons.  The precise number of the Class members and/or their addresses will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

42.    **Existence of Predominance of Common Questions of Fact and Law:**  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

       i.  As to the California Class, whether Defendants violated California law by failing to pay Plaintiffs and the members of the Class who worked minimum wage for all hours worked, including time spent in the sleeper berth of their trucks;

      ii.  As to the California Class, whether Plaintiffs and Class Members were under Defendants' control during non-driving time, including time spent in "sleeper berth" status;

     iii.  As to the California Class, whether Defendants failed to provide for and/or properly compensate Plaintiffs and the members of the Class for rest breaks as required by California law;

**FIRST AMENDED COMPLAINT**

iv. As to the California Class, whether Defendants failed to provide for and/or properly compensate Plaintiffs and the members of the Class for meal breaks as required by California law;

v. As to the California Class, whether Defendant violated California Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiffs and members of the Class;

vi. As to the California Class, whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein;

vii. As to the California Class, whether Defendants failed to reimburse reasonable business expenses;

viii. As to the California and Washington Classes, whether Defendants failed to pay all wages due on separation;

ix. As to the Washington Class, whether Defendants suffered or permitted Plaintiffs or Class members to work during non-driving periods, including periods logged as "sleeper berth" and/or whether Defendants required Class members to remain on the employer's premises during non-driving time;

x. As to the Washington Class, whether Defendants violated Washington rest break law by failing to provide separately paid rest breaks;

xi. As to the Washington Class, whether Defendants violated Washington minimum wage law because they did not pay at least Washington minimum wage for all time worked, including time in the sleeper berth;

xii. As to the Washington Class, whether Defendants violated Washington law by not counting time spent in the sleeper berth as

**FIRST AMENDED COMPLAINT**

1    hours worked.

2        xiii.  As to the Washington Class, whether Defendants miscalculated

3              Plaintiffs' and Class members' regular  and overtime rates of pay

4              by not properly including the load bonuses into the regular rate;

5        xiv.  Whether Defendants' conduct was willful, unfair or deceptive, or

6              injurious to the public interest;

7        xv.  The nature and extent of class-wide injury and the measure of

8              damages for the injury.

9        43.    **Typicality**: Plaintiffs' claims are typical of the claims of the members

10    of the class they represent because Plaintiffs, as drivers of Defendants, were

11    exposed and subjected to the same unlawful business practices as other drivers

12    employed by Defendants during the liability periods.  Plaintiffs and the members of

13    the Classes sustained the same types of damages and losses.

14        44.    **Adequacy:** Plaintiffs are adequate representatives of the Classes they

15    seek to represent because their interests do not conflict with the interests of the

16    members of the subclasses Plaintiffs seeks to represent.  Plaintiffs have retained

17    counsel competent and experienced in complex class action litigation and Plaintiffs

18    intend to prosecute this action vigorously.  The interests of members of each Class

19    will be fairly and adequately protected by Plaintiffs and their counsel.

20        45.    **Superiority and Substantial Benefit:** The class action is superior to

21    other available means for the fair and efficient adjudication of Plaintiffs and the

22    Class members' claims. The damages suffered by each individual Class member

23    may be limited.  Damages of such magnitude are small given the burden and

24    expense of individual prosecution of the complex and extensive litigation

25    necessitated by Defendants' conduct.  Further, it would be virtually impossible for

26    the Class members to redress the wrongs done to them on an individual basis. Even

27    if members of the Class themselves could afford such individual litigation, the court

28    system could not.  Individualized litigation increases the delay and expense to all

parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

46.     The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE REST PERIODS
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 9-2001, § 12, codified at 8 CCR § 11090)**
**(By Plaintiffs And The California Class Against All Defendants)**

47.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

48.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

49.     IWC Order No.9-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which

insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

50.    IWC Order No. 9-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

51.    As alleged herein, Defendants paid Plaintiffs and class members on a per-mile, piece-rate basis and failed to separately compensate them for rest breaks, in violation of California law.

52.    Defendants did not have a rest break policy that complied with California law.  There was no mechanism in place to relieve drivers for rest breaks, and the demands of the job mean that Plaintiffs and California Class members were unable to take off duty and uninterrupted breaks.

53.    Defendants also did not authorize or permit, and actually discouraged Plaintiffs and California Class members from, taking rest breaks even when they were paid by the hour, because drivers were paid an equivalent of mileage-based pay, and therefore were discouraged from taking rest breaks.

54.    Plaintiffs' and Class members' movements were so restricted during their tours of duty that they could not take meaningful rest breaks.

55.    By their actions, Defendants violated § 12 of IWC Wage Order No. 9-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the California Class.

56.    Defendants' unlawful conduct alleged herein occurred in the course of

**FIRST AMENDED COMPLAINT**

employment of Plaintiffs and all others similarly situated and such conduct has continued through the filing of this complaint.

57.    As a direct and proximate result of Defendants' unlawful action, Plaintiffs and the California Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest periods.

**SECOND CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512, 226.7 and 1198; IWC Wage Order No. 9-2001, § 11, codified at 8 CCR § 11090 ¶ 11)**
**(By Plaintiffs And The California Class Against All Defendants)**

32.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

58.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

59.    Labor Code section 1198 provides, "[t]he maximum hours of work and the standard conditions of labor fixed by the Commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

60.    IWC Order No. 9-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may

be waived by mutual consent of the employer and the employee."

61.     Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

62.     Under Labor Code § 218.6 or Civil Code § 3287(a), Plaintiffs and other members of the California Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

63.     As alleged herein, Defendants failed to authorize and permit timely meal breaks during the California Class period. Plaintiffs and members of the California Class were routinely required to work without an uninterrupted meal break within five hours of starting work, at the direction of Defendants and/or with Defendants' knowledge and acquiescence.   Defendants had no policy that its drivers were required to take meal breaks within the first five hours of work, or that they were to be relieved of all duty during meal periods.  Defendants did not have a meal period waiver agreement in place with Plaintiffs or the California Class.  Plaintiffs and California Class members were entitled to meal periods during the time spent in the sleeper berth of their trucks, but were never relieved of duty for breaks because their movement was constrained even when the trucks were stationary because they were responsible for the load at all times throughout their tours of duty.

**FIRST AMENDED COMPLAINT**

64.     By its actions, Defendants violated California Labor Code §§ 226.7 and 512 and ¶¶ 7 and 11 of IWC Wage Order No. 9-2001, and is liable to Plaintiffs and the California Class.

65.     As a result of the unlawful acts of Defendant, Plaintiff and the California Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code §§ 226.7(b) and § 11 of IWC Wage Order No. 9-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide its drivers with Plaintiffs and members of the California Class all wages earned in excess of the normal work period no later than the payday for the next regular payroll period. statutory off-duty meal periods.

66.     As a direct result of Defendants' conduct, Plaintiffs and members of the California Class all wages earned in excess of the normal work period no later than the payday for the next regular payroll period. and members of the California Class all wages earned in excess of the normal work period no later than the payday for the next regular payroll period. Labor Code and Wage Order violations, Plaintiffs and members of the California Class suffered, and continue to suffer, losses related to the use and enjoyment of compensation due and owing to them, including the failure to pay an additional hour of pay for each day a meal period was not provided, in an amount to be shown according to proof at trial.

67.     Plaintiffs, individually, and on behalf of the California Class, seek all available remedies for Defendants' violations to the extent permitted by law, including pre-judgment interest on wages earned but not paid every pay period, plus interest, expenses and costs of suit.

///

///

///

///

**FIRST AMENDED COMPLAINT**

## THIRD CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY WAGES INCLUDING MINIMUM WAGES
**(Violation of Labor Code §§ 204, 210, 221-223, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198;**
**Wage Order No. 9-2001, §4)**
**(By Plaintiff And The California Class Against All Defendants)**

68. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

69. Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." Labor Code §§ 1182.11 and 1182.12 set the minimum wages for California Class period.

70. Labor Code §§ 221-223 prohibit employers from withholding and deducting wages, secretly paying a wage below the minimum wage or contractually agreed upon wage while purporting to pay the wage designated by statute or contract or otherwise artificially lowering the wage scale of an employee.

71. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

72. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

73.     Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

74.     Labor Code section 1198 provides in relevant part: "The maximum hours of work and the standard conditions of labor fixed by the Commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

75.     Labor Code § 204 requires wages are due and payable twice during each calendar month, and that wages earned in excess of the normal work period must be paid no later than the payday for the next regular payroll period.

76.     Labor Code § 210 provides for a civil penalty of one hundred dollars for each failure to pay each employee the wages each employee is owed pursuant to Labor Code § 204.

77.     Under Labor Code § 218.6 or Civil Code § 3287(a), Plaintiffs and other members of the California Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

78.     Defendants' compensation structure did not compensate Plaintiffs and members of the California Class for non-driving and/or non-productive time, in violation of California's wage laws.  This includes, but is not limited to, pre and post trip inspections, waiting time, meetings, trips driving without a load, and other on duty time.  Plaintiff's piece rate pay failed to compensate Plaintiffs and Class members at the applicable minimum wage for all the hours worked, driving and non-driving.

79.     At all times relevant during the liability period, under the provisions of Wage Order No. 9-2001, Plaintiffs and each California Class member should have received not less than the minimum wage in a sum according to proof for the time

**FIRST AMENDED COMPLAINT**

worked.

80.    As alleged herein, Plaintiffs and members of the California Class were not paid at all, or not paid minimum wage, for all time spent engaged in non-driving tasks, including fill out paperwork, loading and unloading, cleaning, detentions, inspections, time while truck was in the shop or having maintenance performed, and while in the sleeper berth of the truck.  Defendants maintained a policy requiring Plaintiffs and members of the California Class to remain on duty at all times while under a load.  As a result, Plaintiffs and members of the California Class were restricted in their movements and the activities they could engage in, resulting in their being on duty throughout their tours of duty.  This was the case whether Plaintiffs and members of the California Class were paid by the hour or by the mile.

81.    Additionally, when Plaintiffs and the California Class drove in cities and counties within California where a local minimum wage ordinance was in effect, Plaintiffs and the California Class were not paid according to that local minimum wage ordinance, even when Plaintiffs and the California Class spent enough time in that jurisdiction to be entitled to the protections of that jurisdiction's minimum wage ordinance or law.

82.    Defendants did not pay Plaintiffs and members of the California Class all wages earned in excess of the normal work period no later than the payday for the next regular payroll period.

83.    As a result of Defendants' policies and practices, Plaintiffs and members of the California Class were not paid for all time worked.

84.    For all hours that Plaintiffs and the Class members worked, they are entitled to not less than the applicable minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.  Pursuant to Labor Code § 1194, Plaintiffs and the Class members are also entitled to their attorneys' fees, costs and interest according to

1    proof.

2    85.    At all times relevant during the liability period, Defendants willfully

3    failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and

4    Class members the amounts owed.

5    86.    Defendants' unlawful conduct alleged herein occurred in the course of

6    employment of Plaintiffs and all other similarly situated drivers, and Defendants

7    has done so continuously throughout the filing of this complaint.

8    87.    As a direct and proximate result of Defendants' violation of Labor

9    Code §§ 510 and 1197, Plaintiffs and other Class members have suffered

10   irreparable harm and money damages entitling them to damages, injunctive relief

11   or restitution.  Plaintiffs, on behalf of themselves and on behalf of the Class, seek

12   damages and all other relief allowable including all wages due while working as

13   Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and

14   as to those employees no longer employed by Defendants, waiting time penalties

15   pursuant to Labor Code § 200 *et seq.*

16   88.    Plaintiffs and the Class members are entitled to back pay, pre-

17   judgment interest, liquidated damages, statutory penalties, attorneys' fees and

18   costs, and for Plaintiffs and the Class of members no longer employed, waiting

19   time penalties pursuant to Labor Code §§ 210, 218.5, 1194 1194.2 and 1197.1.

20   **FOURTH CAUSE OF ACTION**
21   **FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
     **(Violation of Labor Code §§ 201-203)**
22   **(By Plaintiff And The Class Against All Defendants)**

23   89.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully

24   set forth herein.

25   90.    California Labor Code §§ 201 and 202 requires Defendants to pay all

26   compensation due and owing to former drivers at or around the time employment

27   is terminated.  Section 203 of the California Labor Code provides that if an

28

- 21 -
**FIRST AMENDED COMPLAINT**

employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

91.    At all times relevant during the liability period, Plaintiff and the other members of the California Class were employees of Defendants covered by Labor Code § 203.

92.    Plaintiffs and members of the California Class were not paid for all work they performed, including work performed that was not either "on duty" or driving, such as time spent on rest breaks, time spent performing non-driving tasks, time spent in the sleeper berth.  Defendants willfully failed to pay Plaintiffs and other members of the California Class who are no longer employed by Defendants for their uncompensated hours, uncompensated overtime, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.  As a result, Defendants are liable to Plaintiffs and other members of the California Class who are no longer employed by Defendants for waiting time penalties amounting to thirty days wages for Plaintiffs and each such California Class member pursuant to California Labor Code § 203.

## FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
**(Violation of Labor Code §§ 226, 226.3 and 246)**
**(By Plaintiff And The California Class Against All Defendants)**

93.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

94.    California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash,

an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

95.    Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

96.    Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the records required in section 226(a).

97.    Labor Code § 246(i) states that: "An employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

98.     Under Labor Code § 218.6 or Civil Code § 3287(a), Plaintiffs and other members of the California Class are entitled to recover pre-judgment interest on wages earned, but not paid every pay period.

99.     Plaintiffs are informed, believe and thereon allege that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiffs and each Class member with timely and accurate itemized statements showing the actual gross and wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiffs and the members of the Class for unpaid minimum wages, and missed and/or unpaid meal and rest periods, were not included in gross wages earned by Plaintiffs and the California Class.  Defendants' 226 statements also failed to accurately show total hours worked, gross/net wages earned, total hours of nonproductive time and rate of compensation for nonproductive time.  Defendants also did not provide Plaintiffs and the California Class with written notice of the amount of paid sick leave available, or paid time off leave provided in lieu of sick leave, on either the itemized wage statement or another writing provided with the payment of wages."

100.     Defendants' failure to provide Plaintiffs and members of the California Class with accurate itemized wage statements during the California Class period has caused Plaintiffs and members of the California Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods, for hours worked without pay, and for overtime worked without pay. In addition, as set forth in Plaintiffs' third cause of action, Defendants provided inaccurate information regarding hours worked, which masked their underpayment of wages to Plaintiffs and the California Class.  Plaintiffs and members of the California Class were unable to promptly and easily understand and question the calculation of wages, rate of pay and hours worked.  Because of the inaccurate 226 statements, Plaintiffs

**FIRST AMENDED COMPLAINT**

1    and members of the California Class were unable to dispute miscalculated wages.

2        101.    As a result of Defendants' issuance of inaccurate itemized wage

3    statements to Plaintiffs and members of the California Class in violation of Labor

4    Code  § 226(a), Plaintiffs and the members of the Class seek damages, penalties,

5    interest and attorneys' fees and costs, recoverable under applicable law.

6    **SIXTH CAUSE OF ACTION**

7    **FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**

8    **(By Plaintiffs And The California Class Against All Defendants)**

9        102.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully

10   set forth herein.

11       103.    California Labor Code§ 2802 provides "An employer shall indemnify

12   his or her employee for all necessary expenditures or losses incurred by the

13   employee in direct consequence of the discharge of his or her duties, or of his or

14   her obedience to the directions of the employer, even though unlawful, unless the

15   employee, at the time of obeying the directions, believed them to be unlawful."

16       104.    During the applicable period, Plaintiffs and members of the California

17   Class members incurred necessary expenditures and losses in direct consequence

18   of the discharge of their employment duties and their obedience to the directions of

19   Defendants.  These business expenses which Plaintiffs and class members

20   incurred, which were not reimbursed include, but are not limited to, fuel and

21   insurance and use of personal cell phone for business reasons.  Defendants did not

22   reimburse these expenditures or losses to Plaintiffs and members of the California

23   Class members.

24       105.    Defendants has failed to fully reimburse Plaintiffs and the members of

25   the Class for necessary business-related expenses and losses.

26       106.    Plaintiffs and members of the California Class members are entitled to

27   recover, and hereby seek, their unreimbursed expenditures and losses, as well as

28   attorneys' fees incurred by the employees in enforcing their rights granted by

Labor Code § 2802.

## SEVENTH CAUSE OF ACTION
### FAILURE TO KEEP ACCURATE PAYROLL RECORDS
**(Violation of Labor Code §§ 1174 and 1174.5,
IWC Wage Order No. 9-2001)**
**(By Plaintiffs And The California Class Against All Defendants)**

107.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

108.    Labor Code § 1174(d) provides: "Every person employing labor in this state shall: Keep…payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees."

109.    Labor Code § 1174.5 provides that "[a]ny person who willfully fails to maintain… complete and accurate records required by subdivision (d) of Section 1174… shall be subject to a civil penalty of five hundred dollars ($500)."

110.    Defendants have violated Labor Code §§ 1174 and 1174.5, and IWC Wage Order No. 9-2001, §7 by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiffs and the Class as described above.

111.    As a direct and proximate result of Defendants' failure to maintain payroll records, Plaintiffs and the Class have suffered actual economic harm as they were precluded from accurately monitoring the number of hours worked and thus all accrued wages.

112.    Plaintiffs and the class are entitled to damages and statutory penalties pursuant to California Labor Code §§ 1174 and 1174.5.

///

///

///

///

**FIRST AMENDED COMPLAINT**

## EIGHTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
**(Violation of California's Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 *et seq.*)**
**(By Plaintiffs And The California Class Against All Defendants)**

113.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

114.    Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

115.    Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL.  Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

116.    Defendants' unlawful conduct under the UCL includes, but is not limited to, violating Labor Code §§ 201, 202, 203, 204, 221-223, 226(a), 226.7, 512, 400-410, 1174, 1174.5, 1194, 2802, California Wage Order No. 9-2001, and the other statutes and regulations alleged herein.  Defendants' unfair conduct under the UCL includes, but is not limited to, failure to provide meal and rest breaks, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise properly compensate California Class members, as alleged herein.  Defendants' fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

117.    Defendants' unlawful and unfair conduct has enabled Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

118.    Plaintiffs have standing to assert this claim because they have suffered injury in fact and has lost money as a result of Defendants' conduct.  Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and the California Class members.  Defendants must be enjoined from

**FIRST AMENDED COMPLAINT**

this activity and made to restore Plaintiffs and California Class members their wrongfully withheld wages, interest thereon and related statutory penalties.

119.    Plaintiffs and the California Class seek restitutionary disgorgement from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## NINTH CAUSE OF ACTION
**REPRESENTATIVE CLAIM UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT (Violation of *Labor Code* §§ 2698 *et seq.*)**
**(By Plaintiffs And The California Class Against All Defendants )**

120.    Plaintiffs re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

121. This action is appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA"), as follows:

a.    Pursuant to California Labor Code § 2699(a), any provision of the *Labor Code* "that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in section 2699.3."

b.    This action involves allegations of violations of provisions of the California Labor Code that provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies, or employees.

c.    Plaintiff Connell is an "aggrieved employee" because she was employed by the alleged violators and had one or more of the alleged violations committed against her.

**FIRST AMENDED COMPLAINT**

d.  On September 4, 2019, Plaintiff satisfied the procedural requirements of section 2699.3 by serving, via certified mail, the LWDA and Defendant with notice for wage and hour violations and penalties, including the facts and theories to support each violation.  Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to *Labor Code* section 2698 *et seq.*

122.  Plaintiff Connell filed this action pursuant to *Labor Code* section 2699(a) and (f), on behalf of herself and all other current and former aggrieved employees of Defendants to recover civil penalties.

123.  Plaintiff Connell seeks to recover all applicable civil penalties under PAGA on behalf of herself and all other aggrieved employees.

**TENTH CAUSE OF ACTION**
**FAILURE TO PAY REST BREAKS**
**(Violation of Washington Administrative Code 296-126-092, RCW 49.12.010, 49.12.020)**
**(By Plaintiffs And The Washington Class Against All Defendants)**

124.  Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

125.  Revised Code of Washington 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

126.  Revised Code of Washington 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the State of Washington under conditions of labor detrimental to their health."  Under Revised Code of Washington 49.12.005 and Washington Administrative Code 296-126-002, conditions of labor "means and includes the conditions of rest . . . periods" for employees.

- 29 -
**FIRST AMENDED COMPLAINT**

127. Washington Administrative Code 296-126-092(4) provides as follows: "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time."

128. At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and Washington Class members the rest periods to which they are entitled, and the amount of wages owed. Specifically, as alleged herein, Defendants do not provide rest breaks "on the employer's time," both when drivers are paid by the mile, and when they are not paid for non-productive time, including for time spent in the sleeper berth, effectively tethered to the truck. Defendants do nothing to authorize, permit or provide rest periods that comply with Washington law. Moreover, Washington employers are required to schedule rest breaks, and Defendants do not schedule rest breaks.

129. Defendants' conduct violates Washington law as alleged herein.

130. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all other similarly situated Washington Class member, and Defendants have done so continuously throughout the Washington Class period.

131. As a direct and proximate result of Defendants' violation Washington rest break law, Plaintiffs and other Washington Class members have suffered harm and money damages. Plaintiffs, on behalf of themselves and on behalf of the Class, seeks damages for unpaid rest breaks, at their regular rate of pay, and all other relief allowable, including all unpaid wages, double damages, and attorneys fees under RCW 49.48.030.

## ELEVENTH CAUSE OF ACTION
### FAILURE TO PAY OR PROVIDE MEAL BREAKS
**(Violation of Washington Administrative Code 296-126-092, RCW 49.12.010, 49.12.020)**
**(By Plaintiffs And The Washington Class Against All Defendants)**

**FIRST AMENDED COMPLAINT**

132.   Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

133.   Revised Code of Washington 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

134.   Revised Code of Washington 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the State of Washington under conditions of labor detrimental to their health."  Under Revised Code of Washington 49.12.005 and Washington Administrative Code 296-126-002, conditions of labor "means and includes the conditions of . . . meal periods" for employees.

135.   Washington Administrative Code 296-126-092(1) provides as follows: "Employees shall be allowed a meal of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift.  Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer."

136.   Time drivers spend under a load requires they remain in or near the truck at all, which for drivers is the prescribed work site.  Plaintiffs and Washington Class members have to remain at the prescribed work site in the interest of the employer, in order to watch the truck and ensure the security of the load.  However, Defendants have not paid Plaintiffs and Washington Class Members for their meal periods, both during their work day and during their sleeper berth time.

137.   At all times relevant during the liability period, Defendants willfully failed and refused to provide compliant meal breaks, and continue to willfully fail and refuse, to pay Plaintiff and Washington Class members the amounts owed.

1  Meal periods were not provided within the time frames required by Washington

2  law, and were not paid.

3       138.   This conduct violates Washington law as alleged in this cause of

4  action.

5       139.   Defendants' unlawful conduct alleged herein occurred in the course of

6  employment of Plaintiffs and all other similarly situated class member, and

7  Defendants has done so continuously throughout the Washington Class Period.

8       140.   As a direct and proximate result of Defendants' violation Washington

9  meal break law, Plaintiffs and other Washington Class members have suffered harm

10  and money damages.  Plaintiffs, on behalf of themselves and on behalf of the Class,

11  seeks damages for unpaid rest breaks, at their regular rate of pay, and all other relief

12  allowable, including all unpaid wages, interest, double damages, and attorneys fees

13  under RCW 49.48.030.

14                  **TWELFTH CAUSE OF ACTION**
15  **FAILURE TO PAY ALL WAGES DUE AND PAYABLE FOR**
    **COMPENSABLE TIME INCLUDING TIME UNDER A LOAD**
16  **(Violation of Revised Code of Washington 49.46.020 and 49.46.090)**
17  **(By Plaintiff And The Washington Class Against All Defendants)**

18       141.   Plaintiffs re-allege and incorporate all preceding paragraphs as if fully

19  set forth herein.

20       142.   Revised Code of Washington §§49.46.020 and 49.46.120 establish

21  Washington State's minimum wage standards.

22       143.   Revised Code of Washington 49.46.090 provides: "Any employer who

23  pays any employee less than wages to which such employee is entitled under or by

24  virtue of this chapter, shall be liable to such employee affected for the full amount

25  of such wage rate, less any amount actually paid to such employee by the employer,

26  and for costs and such reasonable attorney's fees as may be allowed by the court."

27       144.   As set forth herein, Defendants failed to compensate Plaintiffs and

28  Washington Class members for all compensable time, including any and all time

spent under a load, including but not limited to time spent in the sleeper berth or in the "sleeper berth" status, and thus violated Washington's minimum wage laws by requiring them to be on duty on the employers' premises or at a prescribed workplace. The time is compensable as a matter of law, but was not compensated.

145.   Defendant's actions alleged herein have denied Plaintiffs and the Washington Class the minimum wages to which they are entitled to under law.

146.   Defendants violated Washington minimum wage laws, and Defendant is therefore liable to Plaintiffs and the Washington Class for actual damages, interest, double damages, and attorneys' fees and costs, in amounts to be determined at trial under RCW 49.46.090 and 49.48.030.

**THIRTEENTH CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME**
**(Violation of Revised Code of Washington 49.46.130, WAC 296-126-023, 296-128-550)**
**(By Plaintiff And The Washington Class Against All Defendants)**

147.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

148.   Plaintiff and class members worked for Defendants over 40 hours a week while in Washington, and were entitled to overtime under Washington law. Defendant, however, failed to pay any such overtime.

149.   Revised Code of Washington 49.46.130 provides that no employer shall employ any employee for a workweek longer than 40 hours unless the employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and half times the regular rate at which he is employed.  WAC 296-126-023 requires employers to pay overtime wages owed to an employee on the regular pay day for the pay period in which the overtime wages were earned.  WAC 296-128-550 requires that the regular hourly rate be determined by dividing the amount of compensation received by the total number of hours worked during the week.  The Washington Department of Labor and Industries'

Administrative Policy ES.A.8.2 confirms that bonuses should be included in the regular rate.  https://lni.wa.gov/workers-rights/_docs/esa8.2.pdf.

150.   By its action alleged herein, including but not limited to, not paying for overtime, Defendants violated Washington overtime law.  In addition, when Defendants

151.    When Defendants did pay overtime, Defendants failed to properly calculate the regular rate of pay for overtime purposes by failing to include non-discretionary bonuses when calculating drivers' regular rate.  Defendants therefore failed to timely pay Plaintiffs and members of the Washington Class the overtime they were due.

152.   As a result, Plaintiff and the Washington Class have been deprived of wages and/or compensation, and Defendant is liable for actual damages, double damages, and attorneys' fees and costs, in amounts to be determined at trial.

## FOURTEENTH CAUSE OF ACTION
### Failure To Pay All Wages At Termination
### (Violation of Revised Code of Washington 49.48.010 and 49.48.030)

### (By Plaintiff And The Washington Class Against All Defendants)

153.   Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

154.   Revised Code of Washington 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due to him on account of his employment shall be paid to him at the end of the established pay period."

155.   By the actions alleged above, Defendants violated Revised Code of Washington 49.48.010 by failing to provide all wages upon termination of employment.

156.   As a result of Defendants' unlawful acts, Plaintiffs and the Class have been deprived of compensation in an amount to be determined at trial.  Pursuant to

**FIRST AMENDED COMPLAINT**

Revised Code of Washington 49.46.090 and 49.48.030, Plaintiffs and the Class are entitled to recover damages, interest, attorneys' fees and costs of the suit.

## FIFTEENTH CAUSE OF ACTION
### Violation of Washington's Consumer Protection Act
### (Violation of Revised Code of Washington 19.86.20 and 19.86.090)
### (By Plaintiff And The Washington Class Against All Defendants)

157.   Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

158.   Defendants engaged in unfair or deceptive acts and practices when they: (i) failed to pay Plaintiffs and the Washington Class wages for all work done, including for compensable time spent on non-driving tasks and/or in the sleeper berth of the truck; (ii) failed to provide Plaintiffs and the Class with compliant meal and rest breaks, and (iii) failed to properly calculate and pay for all overtime worked.

159.   Defendants' unfair or deceptive acts and practices repeatedly occurred in Defendants' business, injured Plaintiffs and the Washington Class and impacted the public interest because they also injured other persons and had and have the capacity to injure others.

160.   As a direct and proximate cause of Defendants' unfair or deceptive acts and practices, Plaintiffs and the Class have suffered actual damages in that they were wrongfully denied payment of all wages owed, were prevented from taking meal and rest breaks, and were not properly paid all overtime to which they were entitled.

161.   As a result of Defendants' unfair and deceptive practices, Plaintiffs and the Class are entitled, pursuant to Revised Code of Washington §19.86.090, to recover treble damages, reasonable attorneys' fees, and costs.

///

///

# SIXTEENTH CAUSE OF ACTION
## WILLFUL REFUSAL TO PAY WAGES
### (Violation of Revised Code of Washington 49.52.050 and 49.52.070)
### (By Plaintiff And The Class Against All Defendants)

162.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

163.    RCW 49.52.050(2) provides that any employer or agent of any employer who willfully and with intent to deprive the employee of any part of his or her wages, pays any employee a lower wage than the wage such employer is obligated to pay the employee by statute, ordinance, or contract, shall be guilty of a misdemeanor.

164.    RCW 49.52.070 provides that any employer who violates RCW 49.52.050 shall be liable in a civil action for twice the amount of damages withheld by way of exemplary damages, together with costs of suit and reasonable attorneys' fees.

165.    An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wash.2d 841, 849 (2002).

166.    Defendants willfully failed to pay all wages owed to Plaintiffs and members of the Washington Class, including minimum wages for time spent during nonproductive time, noncompliant meal and rest periods, time logged as sleeper berth, and any other non-driving work time, while requiring the drivers to remain on duty on the employer's premises, and time spent performing work tasks. Defendants knew or should have known that its employment policies violated Washington law, and its failure to pay wages owed to Plaintiffs and the Washington Class was "willful" under RCW 49.52.050.

167.    Defendant is, therefore, liable to Plaintiffs for all such pay and other improperly deducted, rebated wages or unpaid earnings, and double damages, under

**FIRST AMENDED COMPLAINT**

Revised Code of Washington 49.52.070.

168.   Plaintiffs and the Class have been deprived of wages and/or compensation, and Defendant is are liable for actual damages, double damages, and attorneys' fees and costs, in amounts to be determined at trial.

## SEVENTEENTH CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Violation of 29 U.S.C. §§ 201, *et seq.*)
### (By Plaintiff And The Class Against All Defendants)

169.   Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

170.   At all relevant times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

171.   The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

172.   Defendants are subject to the FLSA's minimum wage requirements because it is in interstate commerce and its employees are engaged in commerce.

173.   Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

174.   Defendants knew or should have known that its compensation policy and methodology failed to compensate the drivers at the federal minimum wage.

175.   Defendants, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees for all compensable time, including time spent in non-driving work tasks, and all time spent on the road including but not limited to the time spent in the sleeper berth of the truck.

**FIRST AMENDED COMPLAINT**

176.   Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated drivers.

177.   Plaintiffs and all similarly situated drivers are victims of a single, similarly applied employer-based compensation policy which does not include compensating drivers for non-driving tasks and all time spent on the road including but not limited to the time spent in the sleeper berth of the truck and/or time logged as "sleeper berth."  In violation of the FLSA, that policy has been applied, and continues to be applied by Defendants.

178.   When time that is compensable, but has been unpaid, is factored into the drivers' hours worked, their regular rates of pay dip below the federal minimum wage rate.

179.   Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by its over-the-road truck drivers, as required by 29 U.S.C. § 211(c).

180.   Plaintiffs and all similarly situated employees are entitled to damages equal to the minimum wage minus *actual* wages received, within three years from the date each Plaintiffs join this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

181.   Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff sand other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendants did not act willfully in failing to pay minimum wage, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

182.    As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendants from Plaintiffs and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## <u>PRAYER</u>

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment and/or orders against Defendants as follows:

A. An order that this action may proceed and be maintained as a class and FLSA collective action;

B. For all unpaid minimum wages and liquidated damages due to Plaintiff and each Class and Collective member;

C. For one hour of wages at Plaintiff and each California Class members' regular rate of compensation each rest break violation pursuant to Labor Code §226.7(c);

D. For one hour of wages at Plaintiff and each California Class members' regular rate of compensation each meal break violation pursuant to Labor Code §226.7(c)

E. For continued wages under Labor Code § 203 for Plaintiffs and California Class members;

F. For statutory penalties under Labor Code § 226(e) for Plaintiffs and California Class members;

G. An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the California Class;

H. For restitutionary disgorgement pursuant to the UCL to Plaintiff and

**FIRST AMENDED COMPLAINT**

the California Class;

I.  An order enjoining Defendants from further unfair and unlawful business practices in violation of California Business & Professions Code §§ 17200 *et seq.*;

J.  For penalties and other relief pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all other aggrieved employees;

K.  For an award of compensatory damages, including minimum wages, overtime, and all other lost wages, under Washington law as to the Washington Class;

L.  For an award for unpaid rest breaks under Washington law as to the Washington Class;

M.  Award double damages pursuant to Revised Code of Washington 49.50.050;

N.  Award treble damages pursuant to Revised Code of Washington 19.86.090;

O.  For all applicable statutory penalties under Washington law;

P.  Allow other similarly situated drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

Q.  Declare and find that Defendants violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and other similarly situated drivers the federal minimum wage;

R.  Liquidated damages pursuant to 29 U.S.C. § 216(b);

S.  Prejudgment interest at the maximum legal rate;

T.  Reasonable attorneys' fees;

U.  Accounting of Defendants' records for the liability period;

V.  General, special and consequential damages, to the extent allowed by law;

- 40 -
**FIRST AMENDED COMPLAINT**

1    W. Costs of suit; and

2    X. Such other relief as the Court may deem just and proper.

3

4    DATED:  January 11, 2020          **HAFFNER LAW PC**

5                             By:    /s/ Graham G. Lambert

6                                    Joshua H. Haffner
                                     Graham Lambert
7                                    Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 41 -
**FIRST AMENDED COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2       Plaintiff demands a trial by jury for herself and the Class members on all

3   claims so triable.

4

5   DATED:  January 11, 2021              **HAFFNER LAW PC**

6

7                                         By:    /s/ Graham G. Lambert
                                                 Joshua H. Haffner
8                                                Graham Lambert
                                                 Attorneys for Plaintiff and others
9                                                Similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

EXHIBIT A

## Consent To Become A Party Plaintiff
## Fair Labor Standards Act, 29 U.S.C. §216(b)

I hereby consent to be a party plaintiff and class representative in the action titled *Connell v. Heartland Express Inc.,* for violations of the Fair Labor Standards Act, 29 U.S.C. §§201-291, and any other applicable federal and state laws.

Dated: August 15, 2019

Jacqueline Connell

EXHIBIT B

## CONSENT TO BECOME A PARTY PLAINTIFF

### Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I hereby consent to be a party plaintiff and class representative in the action titled *Connell v. Heartland Express Inc.,* for violations of the Fair Labor Standards Act, 29 U.S.C. §§201-291, and any other applicable federal and state laws.

Francine Adams
_____
Name

15915 Live Oak St.
_____
Address

Hesperia        California        92345
_____
City             State             Zip


_____    11/09/2020
Signature                          Date