DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
CARA R. SHERMAN, State Bar No. 269343
csherman@ongaropc.com
ONGARO PC
1604 Union St.
San Francisco, CA 94123
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
HEARTLAND EXPRESS, INC. of IOWA
Incorrectly sued as HEARTLAND EXPRESS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CONNELL, an individual: on behalf of herself and all others similarly situated, and FRANCINE ADAMS, an individual: on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEARTLAND EXPRESS, INC. OF IOWA and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:19-cv-09584-RGK-JC<br><br>**ADDENDUM TO JOINT STIPULATION FOR CLASS ACTION SETTLEMENT**<br><br>Before Hon. R. Gary Klausner<br><br>Complaint Filed:   November 7, 2019 |

1    WHEREAS, on January 7, 2021, Plaintiffs Jacqueline Connell and Francine
2 Adams (together, "Plaintiffs") and Defendant Heartland Express, Inc. of Iowa
3 ("Defendant") (with Plaintiffs, the "Parties") entered into a Joint Stipulation of Class
4 Action Settlement (herein after "Settlement"); and

5    WHEREAS, on January 10, 2021, Plaintiffs filed a First Amended Complaint;
6 and

7    WHEREAS, on January 14, 2021, Plaintiffs moved the court for an order
8 preliminarily approving the Settlement as fair and reasonable and approving the
9 form of proposed notice and notice procedure; and

10    WHEREAS, on February 19, 2021, the Court preliminarily approved the
11 Settlement and the form of proposed notice and notice procedure and issued an
12 amended Order on February 25, 2021; and

13    WHEREAS, on March 19, 2021, settlement class members Gregg Freitas and
14 Ryan Calvert moved the Court to intervene for the purpose of challenging the
15 proposed notice and notice procedure; and

16    WHEREAS, on March 23, 2021, settlement class members Brian Fosse and
17 Todd Christensen moved the Court to intervene (with Gregg Freitas and Ryan
18 Calvert, Brian Fosse and Todd Christensen are referred to herein as the "Proposed
19 Intervenors"); and

20    WHEREAS, the Parties have reviewed the two pending motions to intervene;

21    WHEREAS, the Parties at all times believed and intended the release to be
22 limited to claims that were or could have been alleged in the operative complaint
23 based on Paragraph 6 stating that the 1542 release was to implement paragraph 5,
24 but agreed to modify the language to clarify the issue; and

25    WHEREAS, the Parties believe that the Settlement, including the proposed
26 notice and notice procedure, are fair, reasonable, and adequate, the Parties wish to
27 lay to rest certain of the challenges raised by the Proposed Intervenors.

28    NOW, THEREFORE, the Parties agree to the following addenda to clarify

the Parties' intent in the Settlement:

1. The settlement period for the Settlement Classes and Settlement Collective shall end on February 19, 2021, which is the end of the last payroll period prior to the order on preliminary approval.
2. ILYM shall administer the Settlement.
3. The Parties agree that if the amount of attorneys' fees and costs awarded by the Court is less than anticipated, the difference shall be paid out to members of the FLSA Settlement Collective on a *pro rata* basis based on their eligible workweeks, and shall not revert to Defendant. Therefore, the Parties strike the following sentence from paragraph 4.d. of the Agreement ("Attorneys' Fees and Costs"): "If the Court reduces the amount of the attorneys' fees, costs or expenses, the reduced amount shall revert to Defendant and shall not increase the amount of money available to Settlement Class Members." and replaces it with "If the Court reduces the amount of the attorneys' fees, costs or expenses, the reduced amount shall be paid out to members of the FLSA Settlement Collective on a *pro rata* basis based on their eligible workweeks, and shall not revert to Defendant."
4. The Parties agree that the release provided for in Paragraph 6 of the Settlement is limited to those claims released in Paragraph 5 of the Settlement. Paragraph 6 is therefore modified to read as follows:

<u>Waiver of Unknown Claims</u>

    a. For the purpose of implementing a full and complete release of the claims in Paragraph 5 of this Settlement Agreement, Plaintiffs expressly acknowledge that the releases given in this Settlement Agreement are intended to include, without limitation, claims that Plaintiffs did not know or suspect to exist in their favor at the time of the effective date of this Settlement Agreement <u>that were or could</u>

3
ADDENDUM TO JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

have been asserted in the Action based on the facts alleged in the operative complaint, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter; and that the consideration given under this Settlement Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims. Plaintiffs make this complete release of unknown claims, waiving any rights provided to ~~him~~ them under California Code of Civil Procedure 1542, or any other state's similar statute, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs expressly waive any other state's statute(s) ~~prohibiting a general release~~ which is substantially the same as California Civil Code section 1542.

b. For the purpose of implementing a full and complete release of the claims in Paragraph 5 of this Settlement Agreement, the Settlement Class Members expressly acknowledge that the releases given in this Settlement Agreement are intended to include, without limitation, claims that Settlement Class Members did not know or suspect to exist in their favor at the time of the effective date of this Settlement Agreement that were or could have been asserted in the Action based on the facts alleged in the operative complaint, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter; and that the consideration given under this

4

Settlement Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 and other states' statutes may provide otherwise. Washington and California Settlement Class Members who do not timely opt out, and FLSA Settlement Collective Members who opt in, expressly waive any right or benefit available to them in any capacity under the provisions of California Civil Code section 1542, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Members expressly waive any other state's statute(s) ~~prohibiting a general release~~ which is substantially the same as California Civil Code section 1542.

5. The class notice shall be modified to contain the following language in Section 8, "What am I giving up to get a payment and join the Classes and/or Collective?":

Release of Unknown Claims
For the purpose of implementing a full and complete release of the claims described herein, the California and Washington Settlement Class Members who do not opt out and FLSA Settlement Collective Members who opt in expressly acknowledge that the releases given in the Settlement Agreement are intended to include, without limitation, claims that Settlement Class Members did not know or suspect to exist in their favor at the time of the effective date of this Settlement Agreement that were or could have been asserted in the Action based on the facts alleged in the operative complaint, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter; and that the consideration given under this Settlement Agreement was

5
ADDENDUM TO JOINT STIPULATION FOR CLASS ACTION SETTLEMENT

also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 and other states' statutes may provide otherwise. Washington and California Settlement Class Members who do not timely opt out, and FLSA Settlement Collective Members who opt in, expressly waive any right or benefit available to them in any capacity under the provisions of California Civil Code section 1542, which provides as follows: **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.** Settlement Class Members expressly waive any other state's statute(s) ~~prohibiting a general release~~ which is substantially the same as California Civil Code section 1542.

6. The notice packet will be sent to the last known email address for putative class members, in addition to their last known mailing addresses.

7. The notice procedure shall include skip tracing to identify updated addresses for packets returned as undeliverable, and notice packets shall be remailed to any updated address identified through the skip tracing procedure.

8. The Parties agree that the notice period to opt-out or object in Paragraph 10 of the settlement shall be 60 days instead of 45 days. The Parties similarly agree that the deadline to opt-in to the FLSA Settlement Collective in Paragraph 11 of the Settlement shall also be 60 days instead of 45 days.

IT IS SO AGREED.

<u>**PLAINTIFFS AND PLAINTIFFS' COUNSEL**</u>

Date: 4/3/2021         By: *Jacqueline Connell*
                           Jacqueline Connell (Apr 3, 2021 08:42 PDT)
                           Jacqueline Connell, Plaintiff

Date: _____   By: _____
                           Francine Adams, Plaintiff

also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 and other states' statutes may provide otherwise. Washington and California Settlement Class Members who do not timely opt out, and FLSA Settlement Collective Members who opt in, expressly waive any right or benefit available to them in any capacity under the provisions of California Civil Code section 1542, which provides as follows: **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.** Settlement Class Members expressly waive any other state's statute(s) ~~prohibiting a general release~~ which is substantially the same as California Civil Code section 1542.

6. The notice packet will be sent to the last known email address for putative class members, in addition to their last known mailing addresses.

7. The notice procedure shall include skip tracing to identify updated addresses for packets returned as undeliverable, and notice packets shall be remailed to any updated address identified through the skip tracing procedure.

8. The Parties agree that the notice period to opt-out or object in Paragraph 10 of the settlement shall be 60 days instead of 45 days. The Parties similarly agree that the deadline to opt-in to the FLSA Settlement Collective in Paragraph 11 of the Settlement shall also be 60 days instead of 45 days.

IT IS SO AGREED.

**PLAINTIFFS AND PLAINTIFFS' COUNSEL**

Date:_____   By:_____
                            Jacqueline Connell, Plaintiff

Date: 04/02/2021         By: _Francine Adams (Apr 2, 2021 16:06 PDT)_
                            Francine Adams, Plaintiff

**HAFFNER LAW PC**

Date: 4.2.2021       By: _____
                         Josh Haffner
                         Class Counsel / Attorneys for Plaintiffs and the
                         Putative Classes

**DEFENDANT AND DEFENDANT'S COUNSEL**

Date: 4/2/2021       By: _____
                         Jo Borden
                         Vice President of Defendant Heartland Express, Inc. of
                         Iowa

**ONGARO PC**

Date: 4/2/2021       By: _____
                         David R. Ongaro
                         Attorneys for Defendant