Joshua Konecky, SBN 182897
Nathan Piller, SBN 300569
Sarah McCracken, SBN 313198
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone:  (415) 421-7100
Facsimile:  (415) 421-7105
jkonecky@schneiderwallace.com
npiller@schneiderwallace.com
smccracken@schneiderwallace.com

Toby J. Marshall, WSBA #32726,
*to apply for pro hac vice admission*
Erika L. Nusser, WSBA #40854,
*to apply for pro hac vice admission*
Attorneys for Plaintiffs
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com
Email: enusser@terrellmarshall.com

Attorneys for Proposed Intervenors
Gregg Freitas and Ryan Calvert

[Additional Counsel on Following Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CONNELL, an individual; on behalf of herself and all others similarly situated; FRANCINE ADAMS, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>HEARTLAND EXPRESS, INC. OF IOWA,<br><br>Defendants. | **Case No. 2:19-CV-09584-RGK-JC**<br><br>**PROPOSED INTERVENORS' JOINT STATUS REPORT REGARDING RELIEF SOUGHT IN THE *CONNELL* PARTIES' JOINT STIPULATION**<br><br>District Judge: Hon. R Gary Klausner<br><br>Complaint filed: November 7, 2019 |

GRAHAM HOLLIS APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Nathan J. Reese (SBN 283150)
nreese@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Proposed Intervenors

Todd Christensen and Brian Fosse

Proposed Intervenors Gregg Freitas, Ryan Calvert, Todd Christensen, and Brian Fosse ("Proposed Intervenors") submit this Joint Status Report pursuant to the Court's April 26, 2021 Order (ECF No. 66).

### I. Proposed Intervenors seek to intervene to address the serious concerns raised by the *Connell* parties' "reverse auction" settlement

The *Connell* parties' course of conduct evinces an unseemly attempt to push through a settlement that that would release the stronger claims alleged in the first-filed *Freitas* and *Christensen* cases for far less than fair value, and without conducting discovery on or otherwise investigating them. *See* ECF Nos. 50 at 1-11, 55 at 1-12. The proposed settlement (and the filing of the amended complaint parroting the distinct allegations and claims from *Freitas* and *Christensen*) are part of what appears to be a textbook case of disfavored "reverse auction" or "plaintiff shopping" tactics that drive down class member recoveries, strain judicial resources by necessitating additional litigation, and smack of collusion. *Id.*

These troubling tactics are the primary reason why intervention is necessary here. In contrast, the deficiencies that the *Connell* parties attempt to cure through their new post-settlement stipulation, ECF No. 62, while concerning in their own right, are merely markers of the inadequacy and apparent collusion that render the proposed *Connell* settlement unfair and unreasonable. *See id.*

The *Connell* parties' stipulation mischaracterizes the Proposed Intervenors' motions as being for the limited "purpose of challenging the proposed notice and notice procedure." *Id.* at 2. On the contrary, the Proposed Intervenors challenge the settlement as a whole. Indeed, the motions to intervene present new facts concerning the claims that the settlement is attempting to release, the failure of the *Connell* parties to disclose *Freitas* and *Christensen* during their motion for preliminary approval, and the "reverse auction" nature of the settlement. *See* ECF Nos. 50, 55. The Proposed Intervenors also seek a stay of the issuance of the settlement notice, so that the Court may address the previously undisclosed

deficiencies before putative class and collective members get notice of it and must determine whether to release their claims and participate.

## II. The *Connell* parties' stipulation does not address the serious concerns raised in Proposed Intervenors' motions to intervene

The current attempt by the *Connell* parties to change the notice and release of claims in response to the motion to intervene do not change the landscape. As discussed in the motions to intervene, Defendant engaged in a reverse auction designed to depress the value of the claims by settling with a plaintiff whose leverage was at its nadir, and then resolving the far more valuable, distinct claims that were already being litigated in first-filed cases for next to nothing. *See* ECF Nos. 50 at 1-11, 55 at 1-12.

As just one example of the circumstances indicating collusion, *Connell* filed an amended complaint (*after* agreeing to the settlement), which alleged for the first time the very FLSA and "sleeper berth"-based claims that are the subject of a now pending motion for conditional certification in that case. In fact, *Connell* went so far as to copy words and phrases concerning these claims from the *Freitas* pleadings, verbatim. As discussed in Proposed Intervenor Freitas' motion, these sleeper berth claims address a concerning problem that has led federal courts in the Ninth Circuit and throughout the Country to find trucking companies liable on a class and collective basis for the failure to pay wages for the extensive time drivers are away from home and confined to the small sleeper berth space and the immediate area surrounding it. The *Connell* plaintiffs did not allege any claims for unpaid sleeper berth time in their original complaint, but rather alleged "piece rate"-based claims for unpaid time spent waiting and conducting inspections, which involve significantly less unpaid time. The proposed settlement nevertheless purports to resolve these "sleeper berth"-based claims for a recovery that comes nowhere close to fair value.

In fact, the *Connell* Plaintiffs' motion for preliminary approval indicates that

the parties negotiated zero value for the sleeper berth claims. (They were not even a consideration in the negotiations.) Indeed, Connell assessed Defendant's exposure at only 1 hour per week of unpaid time for California drivers; only 3 hours per week of unpaid minimum wage for Washington drivers, and between only 0-5 hours of unpaid wages per week under the FLSA. *See* Mtn [ECF 36] at 13:6, 16:20, 18:12-13. While this may resemble a low-end assessment of exposure for the "piece rate"-based claims originally alleged in *Connell*, it is not a meaningful assessment of exposure for unpaid sleeper berth time—which typically (and almost by necessity) involves more than eight hours of unpaid time per day for truck drivers on multi-day tours of duty away from home and without lodging. *Cf., e.g., Julian v. Swift Transp. Co.*, 2020 U.S. Dist. LEXIS 189886, at *6 (D. Ariz. Oct. 13, 2020) (approving $14 million settlement of solely FLSA minimum wage claims based on regular practice of unpaid sleeper berth time exceeding 8 hours per day); *Haworth v. New Prime, Inc.*, Case No. 6:19-cv-03025-RK (W.D. Mo. 2020) ($28 million); *Browne v. P.A.M. Transp.*, No. 5:16-CV-5366, 2020 U.S. Dist. LEXIS 135956, at *4 (W.D. Ark. July 31, 2020) ($16.5 million); *Ridgway v. Wal-Mart Stores Inc.*, 2017 U.S. Dist. LEXIS 66228, at *20 (N.D. Cal. May 1, 2017) (jury returned verdict of $54.6 million, with $44 million attributable to unpaid sleeper berth time).

The *Connell* plaintiffs' motion for preliminary approval also failed to apprise the Court of the true potential exposure to Defendant, because, for some of the causes of action, the *Connell* plaintiffs applied the statute of limitations for their later-filed action rather than the full period for which penalties are recoverable in the earlier-filed action. For example, the *Connell* plaintiffs' motion for preliminary approval states the statute of limitations for claims under the Private Attorneys General Act ("PAGA") is one year prior to Connell sending her PAGA letter, and she calculates her penalties as of said date. Dkt. no. 36 at 15-22. Brian Fosse, in contrast, sent his PAGA letter on April 30, 2018, and he is able recover penalties under to PAGA for more than a year longer than Connell. Dkt. no. 55-2 at 3:1-5;

see also Dkt. no. 55-5. The *Connell* settlement, however, releases claims extending throughout the entire "Class Period," which begins on December 20, 2013. Dkt. no. 36-1 at 24:17-26:12, 16:4-5. In failing to disclose the existence of the *Christensen/Fosse* action, the *Connell* plaintiffs failed to inform the Court that penalties are actually recoverable under PAGA for more than a year longer than stated in the *Connell* plaintiff's motion for preliminary approval. As a result, the *Connell* plaintiffs failed to inform the Court about the true potential exposure to Defendant, thereby depriving the Court of significant information in its evaluation of whether to grant preliminary approval of the settlement. Dkt. no. 36.

An modification to the settlement that purports to marginally narrow the release, but that does not carve out the distinct claims alleged in *Freitas* and *Christensen* is window dressing that does not address the underlying collusion and inadequacy of the proposed settlement.

### III. The *Connell* parties' stipulation is a modification of the settlement that itself calls for vacating the preliminary approval order

The *Connell* parties' stipulation makes changes to the settlement in response to previously undisclosed deficiencies and reverse auction tactics that are now brought to light by the motions to intervene. While Proposed Intervenors submit the stipulation does not remedy these serious concerns, the stipulation does seek to change the proposed settlement from what was previously presented when the Court granted preliminary approval. Given these circumstances, the *Connell* parties' stipulation itself calls for vacating the preliminary approval order and allowing the Court to review the entire settlement anew. In contrast, allowing the notice to be issued before addressing the previously undisclosed deficiencies, risks creating confusion and the potential need for a corrective notice, depending upon the outcome of these motions and whether the settlement is ultimately approved.

### IV. The content of the *Connell* parties' new proposed notice is inadequate

In addition to the foregoing, the revised notice is also inadequate because it

fails to (a) inform prospective class and collective members of the *Freitas* and *Christensen* cases and the overlapping claims asserted there; (b) explain that the proposed settlement will release those claims; and (c) provide an explanation as to the basis for the Proposed Intervenors' objections to the settlement. Even assuming the revised settlement were preliminarily approved, putative class and collective members would need and deserve this information to make an informed decision about whether to participate in the settlement and release their claims.

### V.  Conclusion

The Proposed Intervenors respectfully request that the Court deny the relief requested in the *Connell* parties' joint stipulation and/or defer ruling on the stipulation until after the pending motions to intervene and the Intervenors' challenges to the proposed *Connell* settlement are resolved. In the alternative, if the Court does order dissemination of a revised settlement notice before the motions to intervene are resolved, the Proposed Intervenors respectfully request that any such notice issued contain the information identified in Section IV, *supra*. Proposed Intervenors can propose language to include in this regard.

Respectfully submitted,

Dated:  April 8, 2021

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

By: /s/ *Joshua Konecky*
Joshua Konecky
Nathan Piller
Attorneys for Proposed Intervenors
Gregg Freitas, Ryan Calvert

|   |   |
|---|---|
| | GRAHAM HOLLIS APC |
| | By: /s/ *Nathan J. Reese* |
| | Graham S. P. Hollis |
| | Nathan J. Reese |
| | Attorneys for Proposed Intervenors Todd Christensen and Brian Fosse |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on April 8, 2021.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: April 8, 2021                    Respectfully submitted,

/s/ *Joshua Konecky*
Joshua Konecky
Nathan Piller

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Proposed Intervenors Gregg Freitas, Ryan Calvert*

## SIGNATORY ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the attached documents and authorization to file the attached documents has been obtained from the other signatory indicated by a conformed signature (/s/) within the attached e-filed documents.

Dated: April 8, 2021                    /s/ *Joshua Konecky*
                                        Joshua Konecky