UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09584-RGK-JC | Date | June 10, 2021 |
|---|---|---|---|
| Title | *Jacqueline Connell v. Heartland Express, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Plaintiffs' Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement and FLSA Collective Action Settlement [DE 77]; Stipulation to Continue Trial and Final Pretrial Conference [DE 82] |
|---|---|

## I.  INTRODUCTION

On January 12, 2021, Jacqueline Connell ("Connell") filed a First Amended Class Action Complaint ("FAC") to which Francine Adams ("Adams") was added as a named Plaintiff. Connell and Adams ("Plaintiffs") filed the FAC on behalf of themselves and all others similarly situated against Heartland Express, Inc. ("Heartland," or "Defendant"). Plaintiffs' FAC alleges seventeen claims under California, Washington, and federal laws, including: failure to provide rest and meal periods, to pay minimum wages and wages due at termination, to furnish timely and accurate wage statements, to reimburse business expenses, to keep accurate payroll records, and to pay overtime; violations of California Business and Professions Code § 17200, Washington's Consumer Protection Act, and Fair Labor Standards Act ("FLSA"); and a representative claim under the California Labor Code Private Attorney General Act ("PAGA").

Presently before the Court are (1) Plaintiffs' Renewed Unopposed Motion for Preliminary Approval of Class Action and FLSA Collective Action Settlement ("Motion"), and (2) the parties' Stipulation to Continue Trial and Final Pretrial Conference ("Stipulation"). For the following reasons, the Court **DENIES** Plaintiffs' Motion and **DENIES** the parties' Stipulation.

## II.  BACKGROUND

### A.  Factual Background

The relevant factual background is set forth in the Court's Order of February 25, 2021. (ECF No. 45).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09584-RGK-JC | Date | June 10, 2021 |
|---|---|---|---|
| Title | *Jacqueline Connell v. Heartland Express, Inc. et al* | | |

### B. Procedural Background

On September 19, 2020, Connell and Heartland participated in a one-day mediation after which they reached a settlement agreement. As part of the agreement, Connell and Heartland stipulated that Connell would amend her operative complaint to add new claims and a second Plaintiff, Adams, to the FAC.

On January 11, 2021, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and FLSA Collective Action Settlement. (ECF No. 36). In response to that Motion, the Court issued an Order, and then an Amended Order, (ECF No. 45), in which the Court: (1) provisionally certified two classes under Rule 23(a) and Rule 23(b); (2) conditionally certified an FLSA collective, and; (3) preliminarily approved the parties' settlement agreement.

At the time that the Court issued its Amended Order, the parties had not yet notified the Court of at least three related pending actions,[1] in violation of Local Rules 83-1.4.1 and 83-1.4.2. Because the parties failed to notify the Court of these related pending actions, the Court did not have all relevant information before it when the Court issued its Amended Order. The Court therefore issued an order vacating its Amended Order on May 6, 2021. (ECF No. 75). Presently, the two Plaintiffs are proceeding in this action in their individual capacities—no class or collective is currently certified.

## III. JUDICIAL STANDARD

### A. Rule 23 Class Action

Federal Rule of Civil Procedure ("Rule") 23 requires that class action settlements satisfy two primary prerequisites before a court may grant preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the proposed settlement is "fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020, 1026 (9th Cir. 1988), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *see* Fed. R. Civ. P. 23(a), (e)(2).

As a threshold for class certification, the proposed class must satisfy four prerequisites under Rule 23(a). First, the class must be so numerous that joinder of all members individually is

---

[1] These actions are *Freitas, et. al v. Heartland Express, Inc. of Iowa*, Case No. 2:19-cv-00383-SAB (E.D. Wash., 2019), *Christensen v. Heartland Express, Inc. of Iowa*, 37CIVDS1725118 (Sup. Ct. Cal., County of San Bernardino), and *Fosse v. Heartland Express, Inc. of Iowa*, 37-2018-00057870-CUOE-CTL (Sup. Ct. Cal., County of San Diego).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09584-RGK-JC | Date | June 10, 2021 |
|---|---|---|---|
| Title | *Jacqueline Connell v. Heartland Express, Inc. et al* | | |

impracticable. Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Third, the claims or defenses of the class representative must be typical of the claims or defenses of the class as a whole. Fed. R. Civ. P. 23(a)(3). Finally, the proposed class representatives and proposed class counsel must be able to fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a)(4).

If all four prerequisites of Rule 23(a) are satisfied, a court must then determine whether to certify the class under one of the three subsections of Rule 23(b). Under Rule 23(b), the proposed class must establish that: (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate such that a class action is superior to other methods available for adjudicating the controversy at issue. Fed. R. Civ. P. 23(b).

In analyzing whether the proposed class meets the requirements for certification, a court must take the substantive allegations of the complaint as true and may consider extrinsic evidence submitted by the parties. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

Finally, upon a finding that the requirements of Rule 23(a) and 23(b) are satisfied, the Court must ensure that the proposed settlement is "fair, reasonable, and adequate" under Rule 23(e). Fed. R. Civ. P. 23(e)(2). The Ninth Circuit has provided a non-exhaustive list of fairness factors. *See Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). Courts evaluate the settlement as a whole, rather than its individual parts, to determine its overall fairness. *Id.* Second, the court must consider the adequacy of the proposed settlement notice. *Id.* at 1025; Fed. R. Civ. P. 23(e).

**B.    Collective Action Under FLSA**

The FLSA prohibits an employer from failing to pay overtime wages. 29 U.S.C. §§ 203, 207. An employee may bring a collective FLSA action on behalf of other "similarly situated" employees. *Id.* § 216(b). However, unlike a class action under Rule 23, to participate in the collective action, section 216(b) establishes an "opt-in" scheme whereby potential plaintiffs must notify the court by filing written consent that they intend to be a party to the collective action in order to be bound by and benefit from it. *Id.*

The Ninth Circuit has not established criteria for district courts to use in determining whether an FLSA collective action settlement should be approved. *Kerzich v. City of Tuolumne*, 335 F. Supp. 3d 1179, 1183–84 (E.D. Cal. 2018). District courts in this circuit have used the Eleventh Circuit's approach which considers whether the settlement is a fair and reasonable resolution of a bona fide dispute. *See, e.g., id.; Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014). Once the court determines that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09584-RGK-JC | Date | June 10, 2021 |
|---|---|---|---|
| Title | *Jacqueline Connell v. Heartland Express, Inc. et al* | | |

a bona fide dispute exists, it applies Rule 23(e) factors to assess the fairness of the proposed settlement. *Kerzich*, 335 F. Supp. 3d at 1184.

**IV.   DISCUSSION**

Plaintiffs' unopposed Motion is set for a hearing on June 21, 2021. Because the Court finds the Motion is appropriate for resolution on the papers, the Court takes the Motion under submission and advances the hearing date to today.

   **A.   Plaintiffs' Motion**

Upon review of Plaintiffs' Motion and the docket in this case, the Court **DENIES** Plaintiffs' Motion because Plaintiffs fail to establish that the settlement agreement is fair to the class members under Rule 23(e), and Plaintiffs and their counsel are not adequate class representatives under Rule 23(a)(4).

For preliminary approval of a class settlement, the Court determines whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a settlement agreement meets the above standards, a district court may consider some, or all, of the following factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see Officers for Just.*, 688 F.2d at 625 (noting that the list of factors is "by no means an exhaustive list of relevant considerations"). Further, when the settlement agreement comes "[p]rior to formal class certification, there is an even greater potential for a breach of fiduciary duty" owed to the class, and thus a court must scrutinize the settlement for evidence of collusion or other conflicts of interest. *In re Bluetooth*, 654 F.3d at 946–47.

Here, Connell and Heartland engaged in a one-day mediation on September 19, 2020, after which they arrived at a settlement agreement. As part of their agreement, Connell stipulated to file an FAC which added Adams as a Plaintiff and which included claims not alleged in the original complaint. Connell and Adams filed the FAC after Connell had filed her initial Motion for Preliminary Approval of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09584-RGK-JC | Date | June 10, 2021 |
|---|---|---|---|
| Title | *Jacqueline Connell v. Heartland Express, Inc. et al* | | |

Class Action and Collective Action Settlement. Plaintiffs alleged the additional claims in the FAC for settlement purposes only—there is no evidence that Plaintiffs ever contemplated litigating these additional claims or conducted any discovery regarding these claims.

The fact that the parties agreed to settle claims that were not alleged until after the Motion for Preliminary Approval was filed may not have been fatal to their current Motion had the parties been forthright and compliant with the local rules. But the parties failed to notify the Court of the pending *Freitas*, *Christensen*, and *Fosse* actions. Each of these cases involve putative class claims against Heartland that are similar or identical to the claims that Plaintiffs in the present case alleged for the first time in their FAC. Thus, it appears that the settlement agreement reached by Connell and Heartland in this case was built around settling putative class claims alleged by other plaintiffs in other cases, not merely the claims that Plaintiffs actually intended to litigate in the present case. The Court finds Plaintiffs' eleventh-hour amendment and the parties' failure to notify the Court of the pending related claims in *Freitas*, *Christensen*, and *Fosse* suspicious, and that Plaintiffs have failed to establish that the settlement agreement is fair to the putative class members.

The same concerns inform the Court's analysis of adequacy. Rule 23(a)(4) requires the Court to determine if the proposed class representatives and proposed class counsel will fairly and adequately protect the interests of the entire class. Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class, and do not have interests adverse to unnamed class members. *Hanlon*, 150 F.3d at 1020. For the reasons that the Court finds the settlement agreement suspicious, the Court concludes that Plaintiffs and their counsel have not acted in the best interest of the absent class members. Specifically, Plaintiffs and their counsel agreed to amend the operative complaint to allege new claims for settlement purposes only while also failing to notify the Court that similar or identical claims were pending against Heartland in at least three other putative class actions. Such conduct smacks of collusion and indicates that Plaintiffs and their counsel are not adequate class representatives.

In summary, because Plaintiffs fail to establish that the settlement agreement is fair under Rule 23(e), and because Plaintiffs and their counsel are not adequate representatives, the Court denies Plaintiffs' Motion.

    **B.**    **The Parties' Stipulation**

By their stipulation, the parties ask the Court to continue the pretrial conference set for June 21, 2021 to September 7, 2021, and the trial set for July 6, 2021 to September 20, 2021. The parties assert that such a continuance is warranted to "permit[] sufficient time for the renewed preliminary approval motion to be heard and decided and avoid[] counsel's currently scheduled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09584-RGK-JC | Date | June 10, 2021 |
|---|---|---|---|
| Title | *Jacqueline Connell v. Heartland Express, Inc. et al* | | |

trials[.]"(Stipulation at 2, ECF No. 82). Because the Court has now decided Plaintiffs' Motion for Preliminary Approval, and because the parties' counsel have been on notice of the pretrial conference and trial dates since February 25, 2021, the Court **DENIES** the parties' Stipulation.

This case will proceed to the pretrial conference and trial with Plaintiffs litigating their seventeen claims against Heartland in their individual capacities.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Plaintiffs' Motion and **DENIES** the parties' Stipulation.

**IT IS SO ORDERED.**

_____ : _____